# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | |
| | Case No. CF0484-20 and CF0544-19 |
| vs. | |
| JOHNSON NAICH, aka JAKE RIEC, aka JAKE RICE, aka JAN IAN MAYS, aka JOHNSON NAYZ, aka JOHNSON NAI, DOB: 2/14/1988 or 2/25/1987 or 1/17/1987 | **DECISION AND ORDER GRANTING REVOCATION OF PROBATION** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on April 27, 2023 for a Revocation Hearing in the above-captioned case related to Johnson Naich's ("Defendant's") failure to abide by his probationary terms. Public Defender Stephen Hattori appeared for Defendant. Assistant Attorney Grant Olan appeared for the People of Guam ("People'). Based on the relevant law and authorities the Court now issues the following decision and order **GRANTING** Revocation of Probation.

## BACKGROUND

On May 7, 2021, Defendant executed a plea agreement and, at a hearing on May 22, 2021, the Honorable Jonathan R. Quan "accepted the plea agreement, and adjudged the defendant guilty of two counts of Aggravated Assault as third degree felonies in CF0484-20, and one count of Resisting Arrest as a misdemeanor in CF0544-19." Ppl.'s Mot. to Revoke Def.'s Prob. & Impose Jail Sentence (April 3, 2023). In signing the Plea Agreement, Defendant agreed to two years supervised probation with the condition that they obey the laws of Guam and not possess or consume any alcohol, marijuana, or illegal drugs. *Id.* ¶ 2. Defendant agreed that a failure to follow these conditions would result in a hearing to provoke probation at which time the court could impose the maximum sentence allowable under the statute. *Id.* ¶ 3. Defendant was sentenced to three years' imprisonment at the Department of Corrections, with all but one year suspended. *Id.*

Since then, according to several violation reports, Defendant has violated the terms of probation several times: (1) admitted to smoking marijuana on October 4, 2022 and "ice" on October 5, 2022, (2) admitted to smoking meth and marijuana on March 2, 2023 and failed to report for a drug test on March 17, 2023; and (3) tested positive for methamphetamines and amphetamines on March 21, 2023, the fifth positive test since entering post-judgment. *Id.* On April 1, 2023, Defendant was charged in CF218-23 for Possession of Schedule II Controlled Substance with Intent to Deliver as a first degree felony, Burglary as a second degree felony, Possession of a Schedule II Substance as a third degree felony, and Theft as a third degree felony.

**DISCUSSION**

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

[T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been required by the conditions of probation." *Id.* at ¶ 30 (citing *People v.* Angoco, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.* Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant was in violation of his probation conditions and that there was probable cause to support the violations. The Defendant has continually violated his probation by failing to report for a drug test, failing to refrain from consuming illegal substances, and most importantly, failing to follow the laws of Guam.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether, "revocation under all the circumstances… will best satisfy the ends of justice and the best interests of the public." 9 G.C.A. 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by continuously violating numerous conditions of his probation. Defendant accumulated six Violation Reports, showing a continuous and ongoing disregard towards following his probationary terms.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the court finds that revocation is in the public's best interest and satisfies the ends of justice. 9 G.C.A. 80.66(a)(2).

## CONCLUSION AND ORDER

For the above reasons, the Court hereby **REVOKES** the Defendant, Johnson Naich's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to three (3) years incarceration at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close this case.

SO ORDERED, this 6th day of March 2024.

_____
HONORABLE JOHN C. TERLAJE
Judge, Superior Court of Guam

Decision and Order
Case No. CF0484-20 and CF0544-19, *People v. Johnson Naich*
Page 4 of 4